IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LINDEN CAUDLE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 08-253-S-EJL |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM ORDER** |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus matter is Respondent's motion for summary dismissal. (Docket No. 11.) The Court finds that decisional process would not be aided by oral argument, and it shall resolve this matter on the written record after consideration of the parties' submissions. D. Idaho L. Civ. R. 7.4(d).

For the reasons that follow, the Court will grant Respondent's motion, and this case shall be dismissed.

## BACKGROUND

After a jury trial in state court in 2000, Petitioner was convicted of statutory rape and lewd and lascivious conduct with a minor. (State's Lodging A-1, p. 47.) The trial court sentenced him to concurrent terms of fourteen years, with the first two years fixed. (State's Lodging A-1, pp. 52-53.) The Idaho Court of Appeals affirmed Petitioner's convictions and sentences, and the Idaho Supreme Court declined to review the case. (State's Lodging B-4.) The remittitur was issued on January 8, 2002. (State's Lodging B-8.)

**MEMORANDUM ORDER - 1**

While his appeal was pending, Petitioner filed a habeas corpus or post-conviction petition in state district court. The State's motion for summary dismissal was granted, and that action was dismissed on October 6, 2000. (State's Lodging D-1.)

Nearly six years after the conclusion of his direct appeal, on December 20, 2007, Petitioner filed another post-conviction petition. (State's Lodging C-1.) The trial court dismissed the petition on May 29, 2008, and Petitioner did not appeal from that decision. (State's Lodgings C-4, C-5.)

On June 16, 2008, Petitioner initiated the present federal habeas action, alleging that (1) Idaho's statutory rape law is unconstitutional, (2) his convictions are not supported by sufficient evidence, and (3) he was deprived of his right to the effective assistance of counsel. (Docket No. 3.) The Court conducted its initial review of the Petition and ordered Respondent to file an answer or an appropriate pre-answer motion to dismiss. (Docket No. 5, pp. 6-7.) Respondent has since submitted a motion for summary dismissal, arguing that the Petition is untimely and that the claims raised therein were not properly exhausted and are now procedurally defaulted. (Docket No. 11-2.) Petitioner has filed a response to the motion. (Docket No. 13.)

Because the Court is persuaded that the Petition is untimely, it will dismiss this case on that basis without reaching Respondent's alternative argument.

**MEMORANDUM ORDER - 2**

## STANDARD OF LAW

This case is governed by the provisions of the Anti-terrorism and Effective Death Penalty Act (AEDPA) (enacted in 1996). Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common event is the date upon which the judgment became final in state court, either after direct appeal has concluded or after the time for seeking an appeal expired. 28 U.S.C. § 2244(d)(1)(A).

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is known as "statutory tolling."

The limitations period may also be tolled for fairness reasons when extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling"). *Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005). A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

**MEMORANDUM ORDER - 3**

## DISCUSSION

In this case, the statute of limitations began to run at the conclusion of direct appellate review on April 8, 2002. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that the period does not start until the time for filing a petition for certiorari in the United States Supreme Court has expired). It then ran unabated and expired on April 8, 2003. The period was not statutorily tolled because Petitioner did not have "a properly filed application for State post-conviction or other collateral review" pending during that time; his first state court post-conviction or habeas corpus petition was dismissed before the statute of limitations began to run, and the one-year period had long since expired when he filed his second post-conviction petition in 2007. As a consequence, the June 16, 2008 Petition for Writ of Habeas Corpus is over five years out of time.

In an apparent effort to show that he is entitled to equitable tolling, Petitioner contends that his appointed attorney failed to keep him informed of the status of his first post-conviction action, and that he did not learn that it had been dismissed in 2000 until 2006. (Docket No. 13, p. 5.) While the Ninth Circuit Court of Appeals has held that equitable tolling may be appropriate when an attorney's misconduct is sufficiently "egregious," *see Spitsyn v. Moore*, 345 F.3d 796, 800-01 (9th Cir. 2003), Petitioner's allegations here do not rise to that level. Instead, his claim suggests possible attorney negligence, which is not an extraordinary circumstance that qualifies for equitable tolling. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). But more importantly, Petitioner has not shown that he diligently pursued his rights during the entire time that he seeks to toll. Though he asserts

**MEMORANDUM ORDER - 4**

that he did not know what had happened to his first post-conviction action, there is no evidence that he contacted the state court to inquire about the status of his case, or that he pursued any other type of relief, for nearly five years.

Accordingly, Respondent's motion shall be granted.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 11) is GRANTED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED as untimely.

DATED: **May 14, 2009**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 5**